**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARCUS LEE ROWE[1]** | § | |
| **Travis Co. No. 2009506** | § | |
| | § | |
| **V.** | § | **A-20-CV-663-LY** |
| | § | |
| **SALLY HERNANDEZ, et al.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff is a pretrial detainee and is charged by an indictment for assault on family or household member, impeding breath or circulation in Cause No. D-1-DC-20-300583, pending in the 331st Judicial District Court of Travis County, Texas.

---

[1]  Plaintiff notified the Court that he wishes to change his legal name to "Dr. Birth Right."

1

Plaintiff sues Sheriff Sally Hernandez.  He claims wrongful arrest, harassment, inaccurate background check, violation of Fair Credit Act, and false imprisonment.  He also sues the Austin Police Department claiming wrongful arrest, harassment, illegal search and seizure, and excessive force.  He further sues the Travis County Medical Department for neglecting his medical request and "Network physcological [sic] Evaluation."

Plaintiff states, in 2006, he was arrested at a Motel 6 in Austin for allegedly committing an attempted theft of $30.  Plaintiff asserts he was sentenced to 60 days, he served his time, and discharged his sentence.  According to Plaintiff, Travis County changed the charge from theft to theft from a human corpse.  Plaintiff contends this change has "set harmful barriers to [his] employment, cuasing [sic] financial & emotional distress."  Plaintiff requests the Court to expunge the conviction from his record and order compensation for emotional and financial stress.

After reviewing Plaintiff's original complaint, the Court ordered Plaintiff to file a more definite statement specifying what Sheriff Hernandez did to violate his constitutional rights.  Plaintiff was also advised the Austin Police Department is not an entity capable of being sued and that Plaintiff must name who in the Austin Police Department he was trying to sue and for what.  Similarly, Plaintiff was advised the Travis County Medical Department was not an entity capable of being sued and that Plaintiff must name who in the medical department he was trying to sue and for what.  In the order for more definite statement the Court further ordered Plaintiff to provide facts to support his claim against the Sheriff under the Fair Credit Act, explain why he believes he was wrongly arrested and for what charge, explain how he has been harassed and by whom,  and provide facts to support his claim that he was subjected to an unlawful search and seizure.  In addition, the Court ordered Plaintiff to describe in detail the medical request he made that was neglected.  Finally,

the Court advised that it does not have the authority to expunge Plaintiff's 2006 conviction from his record and asked for what claim Plaintiff is seeking monetary damages.

In his more definite statement Plaintiff alleges he seeks $300,000 from Sheriff Hernandez because he injured his back and ankle when he jumped down from the top bunk. He claims in a conclusory fashion "false imprisonment," "lack of due process," "gay racial discrimination," and he suffered a head injury after he passed out due to constipation.

When asked who in the Austin Police Department he was trying to sue and for what, Plaintiff stated he seeks $300,000 for "failed to lead, failed to act, race hate crime, slammed my head on pillers [sic], racial discrimination, unreasonable search and seizure, psychological harm, false imprisonment, intentional infliction of emotional distress, and negligence."

With regard to the medical department he seeks "30.00 life savers." He alleges they "failed to act on race hate crime, psychological harm, negligence." He indicates his medical claim relates to his incarceration in 2006 and 2020. Specifically, he states in 2006 he was constipated and the doctor merely told him to drink more water.

With regard to his claim under the Fair Credit Act Plaintiff alleges his background check indicated he had a theft from a human corpse. Plaintiff objects because he pleaded guilty to attempted theft of a person.

Plaintiff believes his most recent arrest is wrongful because he had been hit with a stick, presumably by the victim. He indicates he removed himself from the situation and he did not want to talk to police about it when they approached him. When he walked away, he claims police tackled him, slamming his head into a pillar, and searched him without counsel present and based on

hearsay.  Plaintiff names three officers who allegedly harassed him.  The officers are Williams, Little, and Nunge.  It is not clear whether these are the officers who recently arrested him.

DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.   Entities Not Capable of Being Sued

The Austin Police Department and Travis County Medical Department are not legal entities capable of being sued.  *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  Therefore, Plaintiff's claims against these defendants should be dismissed.

4

C.    Sheriff Hernandez

A defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed." *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Plaintiff's complaint shows that his factual allegations do not demonstrate the personal involvement of Sheriff Hernandez or a causal connection between her acts and the alleged constitutional violations. Accordingly, Plaintiff's claims against the sheriff should be dismissed.

D.    Statute of Limitations

To the extent Plaintiff's complaint is related to his incarceration in 2006 his claims are also time-barred. There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516. To the extent Plaintiff claims he was injured or received inadequate medical care in 2006, the limitations period expired in 2008. As such, Plaintiff's claims regarding his 2006 incarceration are time-barred.

E.      Fair Credit Act

There is no statute identified as the "Fair Credit Act."  If Plaintiff is referring to the Fair Credit Reporting Act ("FCRA"), it does not apply.  The FCRA is meant to "safeguard against the improper reporting of information on a credit report (either by the credit reporting agency or by the furnisher of credit information) and against the improper disclosure of a credit report." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1074 (9th Cir. 2001); 15 U.S.C. § 1681. The FCRA also provides for a private cause of action against any person who willfully fails to comply with any "requirement" of the FCRA. 15 U.S.C. § 1681n; *Zamora v. Valley Federal Sav. & Loan Ass'n of Grand Junction*, 811 F.2d 1368, 1370 (10th Cir. 1987).

In this case, Plaintiff provides no allegation in support of his claim for relief under the FCRA. He does not mention any improper reporting of his information on a credit report or that his credit information was disseminated in violation of the requirements of the FCRA. There are simply no allegations in his complaint that could give rise to a claim under FCRA.

F.      Wrongful Arrest and Unlawful Search

The Fourth Amendment provides "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV.

Detective J. Thomas created an Affidavit for Warrant of Arrest and Detention in Cause No. D-1-DC-20-300583.  Detective Thomas averred Plaintiff and his mother became involved in a physical altercation at his mother's residence.  Thomas attested the two got into an argument regarding the mother's cell phone.  Specifically, the detective attested that Marcus pinned the mother down to the bed with his forearm, pressing into her throat.  The mother was unable to breathe and

6

estimated she was unable to breath for approximately 45 seconds.  The mother complained of pain to her neck while Plaintiff was strangling her.  The detective presented the affidavit to a Travis County magistrate judge, who found probable cause for Plaintiff's arrest.  Plaintiff was subsequently indicted by a Travis County grand jury.  Plaintiff does not allege either procedure was tainted.  The acts of the magistrate judge and the grand jury break the chain of causation for false arrest, thereby insulating the initiating party. *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir.1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  Therefore, Plaintiff fails to state a claim regarding an alleged false arrest or illegal search after his arrest.

       G.    Excessive Force

"When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Graham v. Connor*, 490 U.S. 386, 394 (1989).  To prevail on an excessive force claim, Plaintiff must show an injury that resulted directly and only from a clearly excessive use of force, and the excessiveness of which was clearly unreasonable. *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017).  Excessive force claims are "evaluated for objective reasonableness based on the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001).

In his more definite statement Plaintiff does not specify who used excessive force during his arrest.  The only thing he alleges related to his claim of excessive force is that his head was slammed into a pillar during his arrest when he attempted to walk away from the officers trying to arrest him.  However, Plaintiff only seeks compensation for "emotional and financial stress" and does not allege he suffered an injury during his arrest.   Plaintiff's conclusory allegations are insufficient to state a

claim for excessive force, and as explained earlier, the Austin Police Department is not an entity capable of being sued.

     H.    <u>Expungement</u>

Plaintiff seeks to have his 2006 conviction for attempted theft expunged from his record. Plaintiff's request is not a proper request in a § 1983 lawsuit. Moreover, he provides no valid basis to have his conviction expunged. Travis County court records reflect in Cause No. D-1-DC-06-204142 Plaintiff was charged with theft from person, but the offense listed in the action/offense section of the docket sheet reflects "theft from person/human corpse/grave." Pursuant to a plea agreement, Plaintiff's charge of "theft from a person" was reduced to "attempted theft from a person" and he was sentenced to 180 days in the Travis County Jail.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint against the named defendants be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on July 20, 2020.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE